```
BLY LAW, PC
WILLIAM F. BLY (State Bar No. 181571)
11400 W. Olympic Blvd, Suite 700
Los Angeles, CA 90064
Tel: 310-477-8604
Fax: 310-496-1537
bill@blyfirm.com
```

Attorneys for Plaintiff, AUDIBLE MAGIC CORPORATION

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUDIBLE MAGIC CORPORATION, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BCD MUSIC GROUP INC., A Texas Corporation; DEEP DISTRIBUTION WORLDWIDE, INC., a Texas Corporation; CHRISTIAN IP, form unknown; SHILA MITRA aka SUSHILA BLAKESLEE, an individual; and JANET JORDAN, an individual,<br><br>Defendants.<br><br>DEMAND FOR JURY TRIAL | **COMPLAINT FOR COPYRIGHT INFRINGEMENT AND BREACH OF CONTRACT** |

Plaintiff, Audible Magic Corporation, hereby brings this Complaint for copyright infringement and breach of contract against BCD Music Group, Inc. ("BCD"); Christian IP; Deep Distribution Worldwide, Inc. ("Deep Distribution"); Shila Mitra aka Sushila Blakeslee; and Janet Jordan (collectively, "Defendants").

COMPLAINT FOR COPYRIGHT INFRINGEMENT AND BREACH OF CONTRACT

1

# I.

# INTRODUCTION

This Complaint for copyright infringement and breach of contract arises out of Defendants' unauthorized use Audible Magic's Replicheck software and services. Each time that Defendants logged on to the Replicheck service, they made an unauthorized copy of the Replicheck software and are liable for copyright infringement. Defendants Deep Distribution and Christian IP are also liable for breaching their contractual obligations to Audible Magic by failing to return or destroy the Replicheck software after their contracts with Audible Magic expired, and by using the Replicheck software and service after expiration of the contracts. Defendants' unauthorized copying and use of the software was willful and malicious and intended to cause harm to Audible Magic. Plaintiff seeks: (1) statutory damages for willful copyright infringement; (2) actual and consequential damages for breach of contract; (3) injunctive relief requiring Defendants to destroy all copies of the Replicheck software and prohibiting them from any further use of the Replicheck software and services; and (4) attorneys fees and costs.

# II.

# JURISDICTION AND VENUE

1.  This Court has federal question jurisdiction over Plaintiff's copyright infringement claim pursuant to 28 USC § 1331, and 28 USC §§ 1338(a) and (b). This Court has supplemental jurisdiction over Plaintiff's contract claim pursuant to 28 U.S.C. §1367(a).

2. This Court has federal diversity jurisdiction in this action for all of Plaintiff's claims pursuant to 28 USC §1332, because all of the Defendants are citizens of a different state than Plaintiff. Specifically all of the Defendants are citizens of Texas, and Plaintiff is a citizen of California.

3. This Court has personal jurisdiction over each of the Defendants pursuant to California's long arm statute, Cal. Code Civ. Proc § 410.10, the United States Constitution, and the California Constitution. Defendants purposefully directed their activities toward a resident of the California by contracting directly with Audible Magic for use of the Replicheck service and/or by using Audible Magic's computer servers in California.

4. Venue is proper in this case pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claims at issue took place in the judicial district in which this Court is located.

5. <u>Intradistrict Assignment.</u> Assignment to the San Jose Division is proper because a substantial part of the events, acts or omissions giving rise to the claims took place in Santa Clara County, California.

## III.
## THE PARTIES

6. BCD is a Texas corporation with a principal place of business in Harris County, Texas. Plaintiff is informed and believes, and based thereon alleges, that BCD is a citizen of the State of Texas.

7. Christian IP is a company, form unknown, located in Harris County, Texas. Plaintiff is informed and believes, and based thereon alleges, that Christian IP's principal place of business is in Harris County, Texas, and that Christian IP is a citizen of the State of Texas.

8. Deep Distribution is or was a Texas corporation. Plaintiff is informed and believes, and based thereon alleges, that Deep Distribution's principal place of business is located in Harris County, Texas and that Deep Distribution is a citizen of the State of Texas.

9. Shila Mitra, aka Sushila Blakeslee, is an individual that resides in Texas. Plaintiff is informed and believes, and based thereon alleges, that Ms. Mitra is a citizen of the State of Texas. Plaintiff is further informed and believes, and based thereon alleges, that Ms. Mitra is an owner, director and officer of Defendants BCD, Christian IP, and Deep Distribution.

10. Janet Jordan is an individual that resides in Texas. Plaintiff is informed and believes, and based thereon alleges, that Ms. Jordan is also a citizen of the State of Texas.

## IV.

## FACTS COMMON TO ALL CAUSES OF ACTION

11. Audible Magic is a company that licenses and sells digital content identification software and services, including Replicheck. Replicheck is a content matching software and service. It allows users to compare an unknown sound recording against a database of known sound recordings for the purpose of

identifying the unknown and determine whether anyone has claimed rights to it. Replicheck was designed to give companies that duplicate large quantities of compact disks a tool for determining whether the content they are about to duplicate has been claimed by others.

12. When a customer subscribes to the Replicheck service, Audible Magic provides the customer with a copy of the Replicheck software, which the customer installs on the hard drive of its own computer. Each time that the software is used, the software is uploaded from the computer's hard drive to the computer's random access memory ("RAM").

13. The Replicheck software operates by comparing measurements of the characteristics of a sound recording chosen by the user against a database of known references. These measurements are referred to as a "digital fingerprint." The digital fingerprint obtained on the user's end is sent over the Internet to servers maintained by Audible Magic in California. Those servers compare the digital fingerprint against a reference database of fingerprints for known content. If the fingerprints match, then there is a 99 percent chance that the sound recordings from which the fingerprints were created are identical.

14. Audible Magic's reference database contains fingerprints for millions of sound recordings. The database was created through voluntary cooperation with all of the major record labels, which register sound recordings with Audible Magic. During the registration process, the major record labels also provide information about the copyrights associated with the content.

15. Audible Magic's servers in California send the results of a content identification query over the Internet to the Replicheck software on the user's computer. Using the software, the user may generate content identification reports.

16. Before using Replicheck, a customer must log on to the service by providing login credentials that are verified by Audible Magic's servers in California. The Replicheck software provides users an opportunity to log on to the service only when the software is uploaded from the user's hard drive to the computer's RAM. Audible Magic's servers keep a record of each time a user logs on to the service.

17. Defendant BCD is a music distribution company. BCD entered into a one-year, written contract with Audible Magic for use of Replicheck on November 22, 2006. BCD entered into a subsequent one-year contract with Audible Magic for use of the Replicheck service on or around December 19, 2007.

18. Defendant Deep Distribution is a music distribution company similar to BCD. In a separate lawsuit, Deep Distribution was determined to be an alter ego of BCD. Plaintiff is informed and believes that Defendant Shila Mitra is an owner, officer and director of Deep Distribution. Deep Distribution entered into a one-year, written contract with Audible Magic for use of Replicheck on or around March 6, 2009. Deep Distribution entered into two subsequent renewal contracts with Audible Magic. The most recent renewal contract began on February 15, 2012, and ended on February 14, 2013. Audible Magic's contracts with Deep Distribution required Deep Distribution to return all software provided by Audible Magic within 10 days of the termination of the contract.

19. Defendant Christian IP entered into a contract with Audible Magic for use of Replicheck during the period January 15, 2013, through February 14, 2014. Audible Magic's contract with Christian IP required Christian IP to return all software provided by Audible Magic within 10 days of the termination of the contract.

20. During the period starting on February 14, 2015, and ending April 21, 2015 ("Infringement Period"), Defendants logged on to Audible Magic's Replicheck service on 26 separate occasions. Each time that Defendants logged onto to the Replicheck service they caused a copy of Replicheck software to be made by directing their computer to upload the software from their computer's hard drive to the computer's RAM. The uploading of a software file from a computer's hard drive to its RAM is "copying" for the purposes of copyright infringement. *See, e.g., MAI Systems Corporation v. Peak Computer, Inc.*, 991 F.2d 511 (9th Cir. 1992).

21. During the 26 times that Defendants logged on to Replicheck during the Infringement Period, Defendants ran a total of 810 identification queries on the Replicheck service.

22. None of the Defendants were authorized to use the Replicheck software or services during the Infringement Period.

23. Defendants intentionally used the Replicheck service during the Infringement Period, without authorization, in order to obtain information that it hoped to use to harm Audible Magic.

**V.**

# FIRST CAUSE OF ACTION

# COPYRIGHT INFRINGEMENT

### (Against All Defendants)

24. Plaintiff incorporates herein by reference each and every averment contained in Paragraphs 1 through 22, inclusive.

25. Through their conduct, as described herein, Defendants have infringed Plaintiff's copyrights in the Replicheck software in violation of Sections 106 and 501 of the United States Copyright Act, 17 U.S.C. §§ 106 and 501.

26. Plaintiff seeks statutory damages for copyright infringement pursuant to 17 U.S.C. § 504(c)(1).

27. Defendants' acts of infringement are willful, intentional, purposeful, and in disregard of and with indifference to Plaintiff's rights. Plaintiff therefore additionally seeks and is entitled to statutory damages for willful infringement pursuant to 17 U.S.C. § 504(c)(2).

28. Plaintiff further seeks and is entitled to recover attorneys' fees and costs as provided by 17 U.S.C. § 505, and as otherwise provided for by law.

29. As a direct and proximate cause of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain irreparable injury for which there is no adequate remedy at law. Plaintiff is informed and believes that unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiff's rights in the Replicheck software. Plaintiff is entitled to a permanent injunction requiring Defendants to return and/or destroy all copies of the

Replicheck software in their possession and restraining and enjoining them from continuing to use the Replicheck software and services.

## VI.

## SECOND CAUSE OF ACTION

## BREACH OF CONTRACT

**(Against Deep Distribution and Christian IP)**

30. Plaintiff incorporates herein by reference each and every averment contained in Paragraphs 1 through 28, inclusive.

31. Pursuant to their contracts with Audible Magic, Defendants Deep Distribution and Christian IP were required to return all copies of the Replicheck software in their possession to Audible Magic within 10 days of the termination of their contract and were prohibited from using the Replicheck software and services after termination of the contract.

32. Deep Distribution, and Christian IP breached their contracts with Audible Magic by failing to return the Replicheck software to Audible Magic as required by their contracts and by continuing to use the Replicheck software and services after the contracts terminated.

33. Audible Magic has performed, or is legally excused from performing, each and every obligation that it was required to perform under its contracts with Deep Distribution and Christian IP.

34. Audible Magic has suffered monetary damages as a direct and proximate cause of Deep Distribution's and Christian IP's breaches of their contracts with Audible Magic in an amount to be proven at trial.

35. Deep Distribution's and Christian IP's breaches of their contracts with Audible Magic have further caused Audible Magic to suffer irreparable injury, for which there is no adequate remedy at law. Plaintiff is entitled to a permanent injunction requiring Deep Distribution and Christian IP to return and/or destroy all copies of the Replicheck software in their possession and restraining and enjoining them from continuing to use the Replicheck software and services.

## VII.

## PRAYER FOR RELIEF

Wherefore Plaintiff prays for the following relief.

A. As to the First Cause of Action for Copyright Infringement, Plaintiff seeks a judgment against all of the Defendants, jointly and severally, for:

1. Statutory damages for copyright infringement;
2. the maximum statutory damages for willful copyright infringement authorized by 17 U.S.C. § 504(c);
3. attorneys' fees and costs, as authorized by 17 U.S.C. § 505; and
4. a permanent injunction requiring Defendants to return or destroy all copies of Replicheck software to Audible Magic and enjoining them from further using the Replicheck software and services.

B. As to the Second Cause of Action for Breach of Contract, Plaintiff seeks a judgment against Defendants Deep Distribution and Christian IP, jointly and severally, for:

      1.    Actual and consequential damages for breach of contract;

      2.    A permanent injunction requiring Deep Distribution and Christian IP to return or destroy all copies of the Replicheck software and enjoining them from further using the Replicheck software and services.

C.    As to all Causes of Action, Plaintiff seeks such additional relief as the Court may deem just and proper.

Bly Law, PC

By: _____
William F. Bly
Attorneys for Plaintiff

COMPLAINT FOR COPYRIGHT INFRINGEMENT AND BREACH OF CONTRACT

11

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury.

                Bly Law, PC

                By:_____
                   William F. Bly
                Attorneys for Plaintiff

COMPLAINT FOR COPYRIGHT INFRINGEMENT AND BREACH OF CONTRACT